IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

BRANCH BANKING & TRUST : 
COMPANY, :      **CASE NO.: 1:16-cv-02819-TWT**
     :
     **Plaintiff,** :
     :
_____ :
     :
**JOSEPH KOZAK,** :
     :
     **Defendant.** :

## BRIEF IN SUPPORT OF DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

COMES NOW, Joseph Kozak (hereinafter "Defendant"), and files his Brief in Response to Plaintiff's Motion for Summary Judgment, and in furtherance thereof states as follows:

## STATEMENT OF FACTS

In the instant action, Plaintiff filed suit against Defendant for the alleged breach of that certain promissory note (hereinafter "Note Number 2") dated September 23, 2010 in the amount of $276,353.56. See Exhibit "A" attached to Plaintiff's Complaint and Exhibit "3" attached to Plaintiff's Motion for Summary Judgment. Upon review of Note Number 2, in the top right corner of Page 1 of 4, the number referencing said Note is "00002".

Near the bottom of Page 1 of 4, Note Number 2 states the following:

"This note "Note" is given by the undersigned in connection with the following agreements (if any) between the undersigned and the Bank:"

Underneath the above referenced sentence, all spaces referencing any prior loan agreements, security agreements, etc. are left blank and make no reference whatsoever to any prior loan whatsoever between the parties in this matter. Furthermore, Plaintiff has failed to show any evidence that it disbursed any monies whatsoever to the Defendant in connection with Note Number 2, although Note Number 2 states that the loan amount is $276,353.56.

Plaintiff claims that "[i]n 2010, Kozak and Faught agreed to execute a new promissory note for the same loan in the capacity of principal obligors, along with FK Dunwoody, instead of serving as guarantors of the Loan." *See* Plaintiff's Brief in Support of Motion for Summary Judgment, Section entitled "Statement of Material Facts", Sub-Section A. entitled the "The Loan Documents". Furthermore, Plaintiff claims that "[t]he principal amount of $276,353.56 reflected in the Kozak Note 2 Counterpart and the Faught Note 2 Counterpart (collectively, "Note 2") referred to the then-outstanding balance owed on the Loan." *Id.* Plaintiff, however, has failed to provide any substantive evidence that Note Number 2 is in anyway connected to or was an extension of any prior notes entered into between the parties in this matter.

## SUMMARY JUDGMENT STANDARD

A party may move for summary judgment on all or part of the party's claims. Fed. R. Civ. P. 56(a). The moving party has the burden of demonstrating, through evidence and argument, that it is entitled to summary judgment: "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion. *Celotex Corp v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party meets its burden, the burden of production shifts to the nonmoving party who must set forth specific facts, as opposed to mere allegations, which demonstrate that there is a genuine issue of material fact. Fed R. Civ. P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-250 (1986).

## ARGUMENT

Plaintiff in its Motion for Summary Judgment claims that Defendant executed Note Number 2 at issue for an already existing loan between the parties. Plaintiff, however, has failed to provide the following:

a. any documentation showing that it disbursed to Defendant the amounts referenced in Note Number 2 in the amount of $276,353.56;

b. any indication that Note Number 2 is in anyway connected to or was an extension of any prior notes entered into between the parties in this matter; or

c. any indication that any consideration was given to the Defendant for entering into Note Number 2 which is the basis of Plaintiff's Complaint.

Pursuant to O.C.G.A. § 13-3-40(a), consideration is essential to a contract which the law will enforce. An executory contract without consideration is called *nudum pactum* or a naked promise. *Id.* Consideration is the essence and soul of a contract; without consideration there is no life in the contract; it is as the law says, a nude pact, and no recovery can be had on that contract. *O'Neal v. Phillips*, 83 Ga. 556, 10 S.E. 352 (1889); *Monroe v. Martin*, 137 Ga. 262, 73 S.E.2d 341 (1911); *Strickland v. Farmers Supply Co.*, 14 Ga. App. 661, 82 S.E.2d 161 (1914).

Based on the foregoing, issues of material facts exist as to a.) if the Plaintiff disbursed the amounts of $276,353.56 referenced in Note Number 2; b.) if, Note Number 2 is connected to or an extension of any prior notes entered into the parties in this matter as alleged by Plaintiff; and, c.) if any consideration was given to the Defendant for executing Note Number 2 attached to Plaintiff's Complaint.

## CONCLUSION

WHEREFORE, Defendant respectfully requests that Plaintiff's Motion for Summary Judgment be DENIED and such further relief as this Court deems just and proper.

Respectfully submitted this 18th day of April, 2018.

**ROUNTREE & LEITMAN, LLC**

/s/ Hal J. Leitman
Hal J. Leitman
Georgia Bar No.:  446246
Attorneys for Defendant

2800 North Druid Hills Road
Building B, Suite 100
Atlanta, Georgia 30329
404 584-1229
hleitman@randllaw.com