IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **BRANCH BANKING & TRUST COMPANY,** | : | **CASE NO.: 1:16-cv-02819-TWT** |
| | : | |
| **Plaintiff,** | : | |
| _____ | : | |
| | : | |
| **JOSEPH KOZAK,** | : | |
| | : | |
| **Defendant.** | : | |

## RESPONSE TO PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Comes Now, the Defendant, and files its Response to Plaintiff's Statement of Undisputed Material Facts in Support of Motion for Summary Judgment as follows:

1. Note 1 speaks for itself and Defendant denies any allegation inconsistent with the same.

2. Note 1 speaks for itself and Defendant denies any allegation inconsistent with the same.

3. The guaranties speak for themselves and Defendant denies any allegation inconsistent with the same.

4. The Note Modifications speak for themselves and Defendant denies any allegation inconsistent with the same.

5. Denied.   Note number 2 makes no reference to any prior notes or loan entered into between the parties.   See Exhibit "A" attached to Plaintiff's Complaint and Exhibit "3" attached to Plaintiff's Motion for Summary Judgment.

6. Note 2 speaks for itself and Defendant denies any allegation inconsistent with the same.

7. Note 2 speaks for itself and Defendant denies any allegation inconsistent with the same.

8. Denied.   Neither Note number 2 nor the Note Number 2 Counterpart make any reference to any prior notes or loan entered into between the parties. See Exhibit "A" attached to Plaintiff's Complaint and Exhibits "3" and "4" attached to Plaintiff's Motion for Summary Judgment.

9. Note 2 speaks for itself and Defendant denies any allegation inconsistent with the same.

10. Note 2 speaks for itself and Defendant denies any allegation inconsistent with the same.

11. Note 2 speaks for itself and Defendant denies any allegation inconsistent with the same.

12. Defendant is without knowledge to admit or deny Paragraph 12 as Defendant is unaware if Plaintiff is still the holder of the Notes or assigned said Notes to a third party.

13. Denied. Plaintiff never disbursed the monies referenced in Note Number 2 to Defendant or provided any consideration for entering into Note Number 2.

14. Denied. Plaintiff never disbursed the monies referenced in Note Number 2 to Defendant or provided any consideration for entering into Note Number 2.

15. Defendant is without knowledge to admit or deny Paragraph 15 as Plaintiff and Mr. Faught would be in possession of this information.

16. Defendant is without knowledge to admit or deny Paragraph 16 as Plaintiff and Mr. Faught would be in possession of this information.

17. Admitted, but said testimony does not reference which loan the Defendant is indebted to the Plaintiff for.

18. Admitted as to the first part of Paragraph 18, however, said Amended Domestic Relations Financial Affidavit does not reference which loan the Defendant is indebted to the Plaintiff for. As to the second part of Paragraph 18, Plaintiff never disbursed the monies referenced in Note Number 2 to Defendant or provided any consideration for entering into Note

Number 2 and therefore Defendant is not indebted to the Plaintiff for the same. Furthermore, Defendant disputed being in default of said alleged debt in his Chapter 7 bankruptcy filing, Northern District of Georgia, Bankruptcy Division, Case No.: 17-51324, Document No. 1, Page 29 of 55.

19. Admitted, but said Domestic Relations Financial Affidavit does not reference which loan the Defendant is indebted to the Plaintiff for. Furthermore, Defendant disputed being in default of said alleged debt in his Chapter 7 bankruptcy filing, Northern District of Georgia, Bankruptcy Division, Case No.: 17-51324, Document No. 1, Page 29 of 55.

20. Defendant admits receiving the July 19, 2016, letter but denies being in default.

21. Defendant admits receiving the July 19, 2016, letter but denies being in default.

22. Denied. Defendant never received the funds referenced in Note 2 and therefore was never obligated to repay the same.

23. Denied. Defendant never received the funds referenced in Note 2 and therefore was never obligated to repay the same.

24. Denied. Defendant never received the funds referenced in Note 2 and therefore was never obligated to repay the same.

25. Note 2 speaks for itself and Defendant denies any allegations inconsistent with the same.

26. Defendant is without knowledge to admit or deny Paragraph 26 of Plaintiff's Complaint as Plaintiff is stating a legal conclusion.

27. Denied, as Defendant is not liable for the principal balance sued for in this matter, Defendant is therefore not liable for attorney's fees.

Respectfully submitted this 18th day of April, 2018.

**ROUNTREE & LEITMAN, LLC**

/s/ Hal J. Leitman
Hal J. Leitman
Georgia Bar No.:  446246
Attorneys for Defendant

2800 North Druid Hills Road
Building B, Suite 100
Atlanta, Georgia 30329
404 584-1229
hleitman@randllaw.com